Case 6:11-cv-00159-GAP-DAB   Document 21   Filed 08/13/12   Page 1 of 14 PageID 139


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEXANDER DONALD, IV,

    Petitioner,

v.                                      CASE NO. 6:11-cv-159-Orl-31DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 11). Petitioner filed a reply to the response (Doc. No. 20).

Petitioner alleges five claims for relief in his habeas petition: (1) trial counsel was ineffective for failing to seek exclusion of irrelevant and highly prejudicial character evidence; (2) trial counsel was ineffective for failing to move for a judgment of acquittal based on the State's failure to establish that he had knowledge of the child pornography on his computer; (3) trial counsel was ineffective for failing to object to evidence relating to him "passing out" while he was being questioned by police; (4) trial counsel was ineffective

for failing to object to the prosecutor's improper statements during voir dire; and (5) a claim of cumulative error. For the following reasons, the petition for writ of habeas corpus is denied.

## I. Procedural History

Petitioner was charged by information with thirty-four counts of unlawful possession of materials depicting a sexual performance by a child. After a jury trial, the trial court granted a judgment of acquittal on counts thirty-three and thirty-four. Petitioner was convicted as charged of the remaining counts. The trial court sentenced Petitioner to consecutive five-year terms of imprisonment for counts one and two, to a consecutive one-year term of imprisonment for count three, and to concurrent five-year terms of sex offender probation for counts four through thirty-two. The trial court ordered the terms of probation to run consecutively to the terms of imprisonment imposed in counts one through three. Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam*.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure in which he alleged five grounds for relief. The trial court summarily denied the motion. Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam*.

## II. Legal Standards

### A. *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

3

habeas relief is appropriate only if that application was "objectively unreasonable."[1]  *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.  *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id.* at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409.  Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.  *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. Analysis

#### A. Claim One

Petitioner alleges trial counsel was ineffective for failing to seek exclusion of irrelevant and highly prejudicial character evidence (Doc. No. 1 at 14). Petitioner maintains that counsel failed to object to State witness Xiomara Rodriguez's ("Rodriguez") testimony regarding a photograph which depicted him masturbating into a coffee cup.  *Id.*

5

Petitioner raised the instant claim in his Rule 3.850 motion for post-conviction relief (App. I). The trial court summarily denied this claim, finding the testimony regarding the photographs depicting Petitioner masturbating was inextricably intertwined with the testimony regarding the charged offenses and thus, was admissible (App. K). The trial court concluded that Petitioner failed to establish prejudice pursuant to *Strickland*. *Id.* The appellate court affirmed *per curiam* (App. P).

Rodriguez testified at trial that she is the division manager of Zabatt Incorporated, where Petitioner was also employed as a diagnostic technician (App. A at 84-86). On January 20, 2006, at approximately 9:30 p.m., Rodriguez checked the company computers to make sure they were not connected to the network and noticed that a memory stick was installed on Petitioner's company laptop, which was not allowed pursuant to company policy. *Id.* at 90-92, 128. Rodriguez testified that upon further exploration of the folder titled "USB stick," she found several images that she did not look at and a folder titled "Tania," which is her sister's name. *Id.* at 96, 246. Rodriguez testified she opened the "Tania" folder first and discovered another folder titled "Tania's spunk." *Id.* at 98. The folder contained numerous images, including one of a penis masturbating into a coffee cup, which Rodriguez identified as belonging to Tania, and another image of Petitioner holding the coffee cup. *Id.* at 98-100. Rodriguez testified that she then looked at the other images stored in the folder and they appeared to be pornographic pictures of children. *Id.* at 104-05.

Section 90.404(2)(a), Florida Statutes, provides "[s]imilar fact evidence of other

6

crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." In Florida, "evidence of uncharged crimes which are inseparable from the crimes charged, . . . is admissible under [section 90.404(2)] because it is a relevant and inseparable part of the act which is in issue." *Griffin v. State*, 639 So. 2d 966, 968 (Fla. 1994) (quotation omitted). Florida courts have held there are three reasons for admitting intertwined collateral crime evidence: (1) it is necessary to establish the entire context out of which the charged crimes arose; (2) it is necessary to provide an intelligent account of the crimes charged; or (3) it is necessary to adequately describe the events leading up to the crimes. *Downs v. State*, 40 So. 3d 49, 51 (Fla. 5th DCA 2010); *State v. Rambaran*, 975 So. 2d 519, 524 (Fla. 3d DCA 2008).

Pursuant to Florida law, Rodriguez's testimony regarding her discovery of photographs depicting Petitioner masturbating into her sister's coffee cup was necessary to establish the context in which the child pornography was discovered in this case. Although this type of testimony should be limited and unnecessary details should not be given to a jury, *Kates v. State*, 41 So. 3d 1004, 1046 (Fla. 1st DCA 2010), it is admissible because these sexual images were what led Rodriguez to look at the other files contained in the folder. Furthermore, this testimony was admissible to prove Petitioner's knowledge or intent of the child pornography, as the photographs were contained in the same folder that included other photographs he had taken. *See Wright v. State*, 19 So. 3d 277, 292 (Fla. 2009) ("Occasionally, when proving the elements of a crime, it becomes necessary to admit

7

evidence of other bad conduct to adequately describe the offense or connect the elements of the offense because the charged offense and the other conduct are significantly linked in time and circumstance."). Thus, Petitioner has not shown the that trial court would have sustained an objection if one had been made.

    B.    *Claim Two*

Petitioner claims trial counsel was ineffective for failing to move for a judgment of acquittal based on the State's failure to establish that he had knowledge of the child pornography found on his computer (Doc. No. 1 at 19). Petitioner raised this claim in his Rule 3.850 motion (App. I). The trial court denied relief, finding there was competent, substantial evidence that was inconsistent with Petitioner's theory of innocence, and therefore, Petitioner could not show that a motion for judgment of acquittal would have been granted (App. K). The appellate court affirmed *per curiam* (App. P).

In Florida, the "purpose of a motion for judgment of acquittal is to test the legal sufficiency of the evidence presented by the [S]tate." *Harris v. State*, 954 So.2d 1260, 1261 (Fla. 5th DCA 2007) (citation omitted). When reviewing an insufficiency of the evidence claim in a habeas petition, a federal court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The court must assume that the jury resolved any evidentiary conflicts in favor of the prosecution, and the court must defer to that resolution. *Id*.; *Johnson v. Alabama*, 256 F.3d 1156, 1172 (11th Cir. 2001).

8

A conviction pursuant to section 827.071(5)(a), Florida Statutes, requires a criminal defendant to knowingly possess a photograph or image of a child which depicts sexual conduct. Harrison testified that the images of child pornography were found in a subfolder of a folder titled "USB stick" located on Petitioner's computer, which also contained the above-referenced images of Petitioner and the coffee cup (App. A at 205, 243). The folder containing the pornographic images and images of Petitioner was created on January 18, 2006, and the images were downloaded or moved to Petitioner's work computer at the same time. *Id.* at 208, 247. Although Petitioner was not present at the time the child pornography was found, he had been present in the office earlier in the day and had possession of his laptop. *Id.* at 89, 148.

After viewing the evidence in a light most favorable to the prosecution, the Court finds that any rational trier of fact could have found that Petitioner knowingly possessed the child pornography. Thus, counsel's failure to move for a judgment of acquittal on this basis did not amount to ineffective assistance.

C.   *Claim Three*

Petitioner claims trial counsel was ineffective for failing to object to evidence relating to the fact that he "passed out" or fainted while he was being questioned by police (Doc. No. 1 at 23). At trial, both Rodriguez and Deputy Jeff Brough ("Deputy Brough") of the Orange County Sheriff's Office testified that when police arrived at the business and began to question Petitioner, he fainted (App. A at 114-15, 163-65). Petitioner contends that the State argued in closing that this was proof of his guilt. Petitioner raised this claim in his

9

Rule 3.850 motion (App. I). The trial court denied the claim pursuant to *Strickland*, finding the evidence was admissible, and alternatively, even if the testimony was improper, the outcome of trial would not have been different absent the testimony (App. K). The Fifth District Court of Appeal affirmed *per curiam* (App. P).

Petitioner cites to *Menna v. State*, 846 So. 2d 502, 503-05 (Fla. 2003), to support his contention that the testimony regarding his physical reaction to police questioning was improper. In *Menna*, the Supreme Court of Florida approved *Herring v. State*, 501 So. 2d 19, 20 (Fla. 3d DCA 1986), which held "[a] defendant's behavior is circumstantial evidence probative of his consciousness of his guilt, and ultimately guilt itself, only when it can be said that the behavior is susceptible of no prima facie explanation except consciousness of guilt." 846 So. 2d at 505. The behavior at issue in *Menna* and *Herring* was the defendants' refusal to submit to a gun shot residue test. The *Herring* court noted that evidence regarding a defendant's refusal to submit to gun shot residue testing is unfair if a defendant is told there would be no consequences for his refusal. 501 So. 2d at 20.

Petitioner has not shown what basis counsel would have had for objecting to the testimony regarding his fainting. This Court has not found any case law to suggest that testimony relating to a criminal defendant's physical reaction to a question from police during an investigation is inadmissible at trial. Evidence of Petitioner's behavior during questioning was directly relevant to whether he had knowledge of the images on his laptop. *See Messick v. McDaniel*, No. 3:08-cv-66-RCJ-VPC, 2011 WL 4402617, at *9 (D. Nev. Sept. 19, 2011) ("testimony . . . about petitioner's attitudes and behaviors at the time of his

initial questioning" was relevant to show consciousness of guilt and knowledge of the crime's occurrence). Thus, Petitioner has not demonstrated that counsel's failure to object to this testimony was deficient.

### D. Claim Four

Petitioner claims that trial counsel was ineffective for failing to object to the prosecutor's improper statements made during voir dire (Doc. No. 1 at 25). In support of this claim, Petitioner maintains that the prosecutor essentially elicited a promise from the jurors that they would convict him. *Id.* Specifically, Petitioner points to the prosecutor's statements in which she asked the jury "[d]o you-all swear that if the State proves this case to you, and when I say that, I mean each element of the crime beyond a reasonable doubt, that you would come back with a guilty verdict?" (App. A at 35-36). Additionally, Petitioner argues that the prosecutor improperly defined reasonable doubt, which in turn reduced the State's burden of proof (Doc. No. 1 at 25). During voir dire, the prosecutor stated the following with respect to reasonable doubt: "It is beyond a reasonable doubt, not beyond a shadow of a doubt. Not to 100 percent certainty." (App. A at 32).

Petitioner raised these claims in his Rule 3.850 motion for post-conviction relief (App. I). The trial court denied relief pursuant to *Strickland* (App. K). The Fifth District Court of Appeal affirmed *per curiam* (App. P).

Florida law provides that it is improper to solicit promises from the jury in which they agree to convict if every element of the crime is proven. *Renney v. State*, 543 So. 2d 420, 421 (Fla. 5th DCA 1989). The State's question to the jury was therefore improper, and

defense counsel performed deficiently when he failed to object. However, Petitioner cannot demonstrate that prejudice resulted.

The purpose of voir dire is "to ascertain whether a potential juror can render a verdict solely on the basis of the evidence presented and the charge of the trial court." *Wilcox v. Ford*, 813 F.2d 1140, 1150 (11th Cir. 1987); *see also Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991) ("Voir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges."). Trial judges are afforded "discretion in determining how best to conduct the voir dire." *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981). The State's question to the potential jury members merely asked the jury to confirm that they would follow the law and render a guilty verdict if each element was proved beyond a reasonable doubt. The trial court instructed the jury as to what it could consider in determining Petitioner's guilt. Thus, the prosecutor's improper voir dire question did not render the result of the trial fundamentally unfair.

Next, the Court concludes that the prosecutor's discussion of reasonable doubt during voir dire did not improperly reduce the State's burden of proof. At the close of the evidence, the trial court instructed the jury on the proper definition of reasonable doubt and also told the jurors that the State alone bore the burden of proving Petitioner's guilt (App. A at 298-99). Therefore, to the extent that the prosecutor's comment during voir dire was erroneous, the comment did not impermissibly shift the burden of proof to the defense. *See Ruiz v. Sec'y, Dep't of Corr.*, 439 F. App'x 831, 834 (11th Cir. 2011) (a jury is presumed to follow jury instructions); *Puiatti v. McNeil*, 626 F.3d 1283, 1314-15 (11th Cir.

2010) (same). Petitioner has not demonstrated that trial counsel's failure to object was deficient or resulted in prejudice.

### E. Claim Five

In his fifth ground for relief, Petitioner alleges a claim of cumulative error. The Court must "consider the cumulative effect of . . . [the alleged errors] and determine whether, after viewing the trial as a whole, [Petitioner] received a fair trial as is . . . due under our Constitution." *Conklin v. Schofield*, 366 F.3d 1191, 1210 (11th Cir. 2004). The Court has considered the cumulative effect of Petitioner's claims of error and finds that he cannot demonstrate cumulative error sufficient to entitle him to federal habeas relief.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite

showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Alexander W. Donald, IV (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 13th day of August, 2012.

                                          GREGORY A. PRESNELL
                                          UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 8/13
Counsel of Record
Alexander W. Donald, IV